The Cost Cases.

## THE COST CASES—THE CLERK Ex-parte.

SURETY. *Notice of motion.* A surety on the prosecution bond in the chancery court against whom judgment is asked in this court at any time after the final judgment, is entitled to notice of the application, which may be personal or by publication as in case of revivor.

Motion of clerk for costs.

COOPER, J.; delivered the opinion of the court.

On the 23d of October, 1878, a decree was rendered by this court against the defendant in a cause, who had filed a cross-bill in the court below and given bond for its prosecution with security, and appealed from the decision of the chancellor under the pauper's oath. The decree was against the defendant alone for the costs of this court. Execution has been issued and returned *nulla bona.* The clerk of this court now moves for judgment for these costs against the surety on the prosecution bond given in the court below, upon the ground that the decree should have

been rendered at the time, according to the practice of this court, against the said surety, and that the omission was a clerical error.

On the 18th of October, 1879, a decree for costs was rendered by this court, in another cause, against a complainant alone, who had given a prosecution bond with security in the chancery court. Execution having been returned *nulla bona*, the clerk now moves for judgment for these costs against the surety on the prosecution bond, upon the like ground that the omission to include him in the original decree was a clerical error.

Similar judgments and omissions were made in two or three cases at the last term of this court of the same character as the case just mentioned, in each of which a motion is now made for judgment against the surety.

These motions are based upon the provisions of the Code, secs. 2877, 2878. The first of these sections authorizes this court, as well as other courts, at any time within twelve months after final judgment or decree, and while the cause is still in the court, to amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of the presiding judge, to amend by. The second of these sections provides that every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court.

The Cost Cases.

Without undertaking at this time to construe these provisions with a view to determine whether the cases made by these motions would fall within them, we have considered them so far as to see that it would be improper to act upon these, and similar motions to add to or change the judgments or decrees of former terms, until the parties sought to be affected have been given an opportunity to be heard. The first of these sections limits the exercise of the power conferred to twelve months after final judgment or decree, "and while the cause is still in court." Whether a cause can be considered as still in court after final judgment as to a surety not included in the judgment may admit of doubt. And if, under the second of the two sections, we can act at any term after the final judgment without notice, we may do so after the lapse of many years. The rights of parties ought not to be adjudged without notice. We shall require such notice hereafter in cases like these, and in all applications made under these provisions of the Code, at any rate whenever there is any doubt whether the cause is still in court as to the party moved against. The notice may be publication in the same cases, and in like manner, as publication is now allowed by a rule of this court prescribing the mode of reviving causes, and published in 1 Heis., 786.

Motions disallowed without prejudice.